412 S.E.2d 273

**FALLSWAY EQUIPMENT COMPANY, Barboursville Transfer, Inc., and Barboursville Block, Defendants Below, Petitioners,**

**v.**

**Honorable L.D. EGNOR, Judge of the Circuit Court of Cabell County, and DICO, Inc., an Iowa Corporation, Defendant Below, Respondents.**

**No. 20246.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1991.

Decided Dec. 13, 1991.

---

R. Kemp Morton, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, for petitioner Fallsway Equipment Co.

Jeffrey A. Taylor, Vinson, Meek, Lewis & Pettit, Huntington, for petitioners Barboursville Block and Barboursville Transfer, Inc.

James Allan Colburn, Colburn and Morris, Huntington, for a respondent DICO, Inc.

Nancy Wilson, Preiser Law Offices, Charleston, for plaintiffs below.

PER CURIAM:

Petitioners, Fallsway Equipment Company, Barboursville Transfer, Inc., and Barboursville Block Manufacturing Company, have petitioned this Court for a writ of prohibition against the Honorable L.D. Egnor, Judge of the Circuit Court of Cabell County, West Virginia. The petitioners contend that they were improperly reinstated as defendants in a civil action from which they had previously been dismissed with prejudice. We agree with the contentions of the petitioners and grant the writ of prohibition sought.

I.

The underlying civil action was initiated by William Edward Rowe and Betty Marie Rowe, his wife, in May 1987, based upon injuries Mr. Rowe allegedly suffered on October 21, 1986, as a result of the combined negligence of the three petitioners and DICO, Inc., an Iowa corporation.

Mr. Rowe was allegedly injured when he came into contact with an overhead power line while in the employment of Barboursville Transfer, Inc. According to the plaintiffs' theory of the case, Mr. Rowe was operating a trolley boom hoist crane from which the stabilizing outriggers had been removed. The crane had been manufactured by DICO and had been sold to Fallsway Equipment. At the time of the original sale, it was allegedly equipped with outriggers. Fallsway Equipment then sold the crane to Barboursville Transfer without the outriggers. Mr. Rowe was subsequently injured while in the employment of

Barboursville Transfer when he attempted to unload bricks at a customer's residence in Sarah Ann, West Virginia. Allegedly due to the lack of outriggers, the crane lacked sufficient stability, and the boom of the crane came into contact with an overhead power line, injuring Mr. Rowe.

The three petitioners and DICO were named as defendants in the underlying civil action. By agreement between the plaintiffs and each of the individual petitioners, each petitioner was dismissed with prejudice. Barboursville Block was first dismissed on October 27, 1987, due to the discovery that Barboursville Block was not connected with the incident complained of and had not ever owned the crane in question. Barboursville Transfer was then dismissed on October 28, 1988, upon joint motion of the plaintiffs and Barboursville Transfer. Fallsway Equipment was then dismissed on March 15, 1990. DICO was the sole defendant in the action after the dismissals. On January 16, 1991, DICO filed a third-party complaint against the three petitioners. In response, the three petitioners filed motions to dismiss the third-party complaint, and those motions to dismiss were granted on April 17, 1991. The lower court directed entry of a final judgment in favor of the three petitioners.

On May 15, 1991, during DICO's hearing on its motion for summary judgment, Judge Egnor summoned counsel for Fallsway Equipment, Barboursville Block, and Barboursville Transfer and informed them that irrespective of his April 17, 1991, order, he considered them parties to the case. It is the May 15, 1991, reinstatement of the petitioners as defendants to which the petitioners now object.

Although the writ of prohibition presently under consideration is directed by the three petitioners toward Judge Egnor, it is worthwhile to note that a "Motion to Expedite" has been filed on behalf of William Edward and Betty Marie Rowe. In support thereof, the plaintiffs emphasized that the incident occurred in October 1986, when Mr. Rowe was sixty-six years of age. The suit has been pending for over four years. The plaintiffs point out that DICO

brought on for hearing its Motion to Bring in Third–Party Defendants just seven weeks before the scheduled trial date of October 15, 1990. The plaintiffs also cite *Shamblin v. Nationwide Mut. Ins. Co.*, 183 W.Va. 585, 396 S.E.2d 766 (1990), for the proposition that impleader under West Virginia Rule of Civil Procedure 14(a) should not be permitted if there is a possibility of prejudice to the original plaintiff. The plaintiffs contend that the delay occasioned by DICO's maneuvering has prejudiced the plaintiffs.

## II.

"A writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate powers." Syl.Pt. 1, *State ex rel. UMWA Int'l Union v. Maynard*, 176 W.Va. 131, 342 S.E.2d 96 (1985).

In the present case, an order was entered dismissing the petitioners with prejudice, and a subsequent order was entered reinstating those petitioners as defendants. The initial order dismissing the petitioners was entered pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. Rule 54(b), in pertinent part, provides as follows:

> *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The April 17, 1991, order dismissing the petitioners contained the Rule 54(b) language, specifically stating that "[t]he Court finds that there is no just reason for delay in ruling on the motions ..." and

"directs the entry of a final judgment in favor of [the petitioners]."

Rule 59 of the West Virginia Rules of Civil Procedure enunciates the manner and time within which such judgments may be amended. Pursuant to Rule 59(e), a motion to alter or amend must be served within ten days from the entry of judgment.[1] Rule 60(b) also provides the means by which a party may seek relief from a judgment obtained through a mistake, fraud, inadvertence, etc. No motion pursuant to Rule 60(b), however, was filed in this case. The lower court reinstated the petitioners on its own initiative approximately twenty-eight days after the entry of the order dismissing the petitioners. We can find no procedural justification for this deviation from the accepted rules of procedure. Furthermore, DICO, relying upon principles of contribution in its opposition to the petition for a writ of prohibition, has provided us with no acceptable procedural justification.[2]

It is the opinion of this Court that the order dismissing the petitioners was a final, appealable order. The record discloses that no action was taken to modify that judgment within ten days as required by Rule 59(e). Consequently, the lower court was without authority to enter the order in which it attempted to rejoin the petitioners as parties defendant.

Based upon the foregoing, we hereby Adjudge and Order that the requested prohibition be awarded. The clerk of this Court is directed to furnish an attested copy of this Order to all counsel of record and to the respondent judge. It is further Adjudged and Ordered that service of an attested copy of this Order upon the respondent shall have the same force and effect as the service of a formal writ.

Writ granted.

---

1. Specifically, Rule 59(e) provides as follows: *Motion to alter or amend a judgment.*—A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

2. This petition for writ of prohibition is before us on the narrow issue of the procedural propriety of the lower court's attempt to rejoin the petitioners as defendants after previously dismissing them. Therefore, due to the procedural posture in which this case appears before us, we do not address DICO's substantive theories regarding issues of contribution among joint tortfeasors.